U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 0 2015

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM WALTER RAINEY,           §
                                 §
          Movant,                §
                                 §
VS.                              §   NO. 4:14-CV-980-A
                                 §   (NO. 4:11-CR-180-A)
UNITED STATES OF AMERICA,        §
                                 §
          Respondent.            §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion filed by William Walter Rainey ("movant") on December 5,
2014, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence by a person in federal custody.  After having considered
such motion, its supporting memorandum, the response of United
States of America, the record in Case No. 4:11-CR-180-A, and
pertinent legal authorities, the court has concluded that such
motion lacks merit and all relief sought thereby should be
denied.

I.

Pertinent Background

On November 15, 2011, movant, along with several other
defendants, was changed in a one-count indictment with conspiracy
to distribute, and to possess with intent to distribute, a

controlled substance, in violation of 21 U.S.C. § 846.  D. Robin

McCarty was appointed as his Criminal Justice Act attorney.  On

March 16, 2012, movant entered a plea of guilty, without a plea

agreement, to the offense charged by the indictment.  He was

sentenced on June 29, 2012.  He received a sentence of

imprisonment of 360 months, which was at the bottom of his

advisory guideline range of 360-480 months of imprisonment.  His

sentence included service of a term of supervised release of five

years upon completion of his sentence of imprisonment and an

obligation to pay a special assessment of $100 at the time of

sentencing.

He appealed from his sentence to the Fifth Circuit, which

affirmed his sentence by order and judgment issued September 9,

2013.

Movant's motion for relief under 28 U.S.C. § 2255 was filed

December 5, 2014, on a form titled "Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody."  The motion was accompanied by a supporting memorandum

and two affidavits, one by Aaron Miles ("Miles") and the other by

Edwin Woo-Jin Kim ("Kim").

The motion raises four grounds, each described as an

"Ineffective Assistance of Counsel" ground.  Mot. at 5-6.  In

each instance, movant makes reference to his supporting memorandum for the specifics.

The supporting memorandum indicates that the specifics are:

Ground One:  Movant complains that his counsel was ineffective when his counsel advised him to plead guilty without a plea agreement.  Mem. at 5-6.

Ground Two:  Movant complains that his counsel was ineffective related to movant's sentencing and punishment.  The exact contours of this ground are elusive, but the ground appears to be related to alleged failures of movant's counsel to object to the presentence report for various reasons.  Id. at 7-9.

Ground Three:  Movant apparently is objecting advice his counsel gave him relative to movant's presentence interview with the probation officer concerning drug quantities and drug activities of movant.  Id. at 9-11.

Ground Four:  Movant appears to be complaining of his counsel's negotiations, or lack of negotiations, with the prosecutor during the plea negotiation process.

Movant adds as a part of the final sentence immediately ahead of the "Conclusion" in his memorandum the following:

> had counsel pursued issues in Movant's direct appeal
> that were supported by both the record and the law,
> there exists a reasonable probability that the Fifth
> Circuit would have remanded his case back to the

3

District Court further consideration including re-sentencing.

Id. at 14-15.  Because of the general nature of movant's complaint about the handling of his appeal, the court is not devoting further attention to that subject.

## II.

### Analysis

A.  Applicable Standards

    1.  Pertinent § 2255 Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete
miscarriage of justice. United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974). Further, if
issues "are raised and considered on direct appeal, a defendant
is thereafter precluded from urging the same issues in a later
collateral attack." Moore v. United States, 598 F.2d 439, 441
(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515,
517-18 (5th Cir. 1978)).

   2.   Principles Applicable to Ineffective Assistance of
        Counsel Grounds

   To prevail on an ineffective assistance of counsel claim,
movant must show (1) that counsel's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for his counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs
of the Strickland test must be met to demonstrate ineffective
assistance. Id. at 697. Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one." United States
v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood

5

of a different result must be substantial, not just conceivable,"
Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant
must prove that counsel's errors "so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result." Cullen v.
Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466
U.S. at 686). Judicial scrutiny of this type of claim must be
highly deferential and the defendant must overcome a strong
presumption that his counsel's conduct falls within the wide
range of reasonable professional assistance. Strickland, 466
U.S. at 689.

B.   None of Movant's Grounds Has Merit

    1.   The Lack of Merit of Ground One

Movant's arguments under the heading in his memorandum
"Counsel's Erroneous Advice to Plead Guilty, Without a Plea
Agreement," Mem. at 5-6, is purely conclusory, and do not provide
any factual information that could support a finding or
conclusion that counsel for movant was ineffective with respect
to any advice he might have given to movant relative to whether
he should plead guilty without a plea agreement. The suggestion
made by movant that his counsel told him that the AUSA had
indicated that movant would face no more than fifteen years of
imprisonment if he pleaded guilty without a plea agreement flies

directly in the face of sworn testimony given by movant at his

rearraignment hearing.  He testified that he understood the

following:

> THE COURT:
>
>        * * * * *
>
>   The penalty will be decided on the basis of the
> facts set forth in the presentence report and facts
> heard here.  You should never depend or rely upon any
> statement or promise by anyone, whether connected with
> a law enforcement agency or Government, or anyone else,
> as to what penalty will be assessed against you.
>
>   Should you decide to plead guilty, your plea of guilty
> must not be induced or prompted by any promises, mental
> pressure, threats, force, coercion, or pressure of any kind.
> A plea of guilty must be purely voluntary and you should
> plead guilty only because you are guilty and for no other
> reason.

Tr. of Rearraignment at 6-7, Case No. 4:11-CR-180-A (Doc. 267).

Also, he said he understood that by pleading guilty he was

subjecting himself to punishment in the form of a term of

imprisonment of at least five years but which could be as much as

forty years.  Id. at 19-20.  Finally, the following exchange took

place between the court and movant that clearly established that

he was not pleading guilty in reliance on any promise or

assurance to him by his attorney:

>   THE COURT:  Mr. Rainey, has anyone made any
> promise or assurance to you of any kind in an effort to
> induce you to enter a plea of guilty in this case?
>
>   THE DEFENDANT:  No, sir.

\* \* \* \* \*

THE COURT:  Do you understand that if you plead
guilty and if that plea is accepted by the Court you
will be adjudged guilty of the offense charged by the
indictment in this case and that your punishment will
be assessed somewhere within the range of punishment
provided by statute and your sentence will be within
the range provided by statute?  Do you understand those
things?

DEFENDANT RAINEY:  Yes, sir.

THE COURT:  Do you understand that if you plead
guilty and end up getting a sentence that is more
severe than you hoped it would be, you will still be
bound by your plea of guilty and won't have a right to
withdraw it?

DEFENDANT RAINEY:  Yes, sir.

Id. at 20-21.

The court has not been provided any information by movant to
cause the court to conclude that movant should be permitted now
to take a position that is at variance with the sworn testimony
he gave at his rearraignment hearing.  Moreover, movant has
failed to provide any information that would enable the court to
conclude that the prosecutor would have been willing to enter
into a plea agreement with movant that would have been acceptable
to him, nor is there any suggestion as to what kind of plea
agreement the government and movant might have entered into that
would have been acceptable to the court.

Therefore, movant's ground one is without merit.

8

2.   <u>The Lack of Merit of Ground Two</u>

Movant's argument in support of ground two is under the heading "Ineffectiveness Related to Sentencing Guidelines" found on pages 7-9 of his memorandum.   There is a notable absence of any substantive argument that would remotely suggest that movant's counsel's conduct was ineffective in regard to the sentencing guidelines.   The conclusory statements made by movant in this part of his memorandum do not begin to satisfy movant's obligation to provide factual support for his grounds for relief.

Movant's ground two is without merit.

3.   <u>The Lack of Merit of Ground Three</u>

Movant's ground three argument is contained under the heading "Counsel's Erroneous Advice Generally" found at pages 9-11 of his memorandum.   He makes the unverified assertion that his counsel advised him in advance of his interview with the probation officer that he "should be careful how he answered questions about drug amounts, and that [he] should keep his drug amount at a level that's not too big, but not too small either, because the Court would take [his] acceptance of responsibility reduction away."   Mem. at 9.   Movant goes on to contend that, based on that advice, he falsely inflated his drug amount during his interview with the probation officer by stating that he was responsible for the distribution of one ounce of heroin per week.

9

Id. Apparently movant is contending that what he told the probation officer during the interview formed the basis for the probation officer's finding as to the drug amount that should be attributed to movant for offense level calculations. However, the presentence report indicates that the drug quantities used by the probation officer in calculating the base offense level were not derived from things movant said in his interview with the probation officer. Presentence Report at 17-18, ¶¶ 55-57, and 19, ¶ 68. There simply is no evidentiary support for the complaint of ineffective assistance of counsel movant makes in the argument he presents in support of his ground three.[1]

Movant's ground three is without merit.

4.   The Lack of Merit of Ground Four

Plaintiff's complaint in support of this ground is that "counsel simply took no action or initiative to negotiate a reasonable plea agreement with the Government." Mem. at 12. Movant provides no evidentiary support for that assertion. Nor

---

[1]Apparently the affidavits of Miles and Kim movant filed December 5, 2014, are directed to the subject of drug quantities that should have been taken into account by the probation officer in the calculation of movant's base offense level. The self-serving, and uncorroborated, statements made in those affidavits prove nothing that advances any of movant's grounds for relief. The information contained in the presentence report upon which the probation officer relied in arriving at the quantity of drugs to be attributed to movant in the calculation of his base offense level would not be affected even if the contents of the affidavits had been considered by the probation officer. See Presentence Report at 8-18, ¶¶ 10-57. Pertinent is the statement made by the probation officer in the presentence report under the heading "Summary of Defendant's Conduct" that "Rainey also employed heroin distributors, Miles . . . and Kim, however, the drug quantities and time frame of their conduct were unable to be corroborated for purposes of guideline computations." Id. at 17, ¶ 55.

10

has movant provided any indication as to what kind of plea agreement his counsel should have negotiated with the government or whether any plea agreement acceptable to movant could have been entered into.   Section 2255 relief cannot be granted on pure speculation.

Movant's ground four is without merit.

### III.

### Order

For the reasons given above,

The court ORDERS that all relief sought by movant in his December 5, 2014 motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 20, 2015.

JOHN McBRYDE
United States District Judge

11